IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARNELL W. MOON,                                )
                                                )
                    Plaintiff,                  )
                                                )
        vs.                                     )     Case No.
                                                )
GARY BURGESS, STEPHEN COPE, R.                  )
WYATT, STACY BYRUM, DAN                         )
SPROUL, J. LECLAIR, D.                          )
CHRISTENSEN, D. STICKLES, M.                    )
SCHREIBER, M. WALLACE, AMBER                    )
NELSON, RICHARD WINTER, ERIKA                   )
FENSTERMAKER, G. COOPER,                        )
FEDERAL BUREAU OF PRISONS,                      )
JEFFREY KRUEGER, RENEE BRINKER                  )
FORNSHILL, MICHAEL D.  FRAZIER,                 )
KENNETH HYLE, MICHAEL D.                        )
CARVAJAL, RONALD RODGERS,                       )
GUY PAGLI, EUGENE BAIME,                        )
CHRISTOPHERR CREWS, IAN                         )
CONNORS, KATHLEEN M. KENNEY,                    )
PAUL ADAMS, and SUSAN MICHELLE                  )
DAWN,                                           )
                                                )
                    Defendants.                 )

**NOTICE OF REMOVAL**

The defendants, Gary Burgess, Stephen Cope, R. Wyatt, Stacy Byrum, Dan Sproul, J.

LeClair, D. Christensen, D. Stickles, M. Schreiber, M. Wallace, Amber Nelson, Richard Winter,

Erika Fenstermaker, G. Cooper, Federal Bureau of Prisons, Jeffrey Krueger, Renee Binker

Fornshill, Michael D. Frazier, Kenneth Hyle, Michael D. Carvajal, Ronald Rodgers, Guy Pagli,

Eugene Baime, Christopher Crews, Ian Connors, Paul Adams, Kathleen M. Kenney, and Susan

Michelle Dawn, by their attorneys, Steven D. Weinhoeft, United States Attorney for the Southern

District of Illinois, and Laura J. Jones, Assistant United States Attorney, notify this Court that

pursuant to 28 U.S.C. § 2679, and alternatively pursuant to 28 U.S.C. § 1442(a)(1),  the above-

entitled case is hereby removed from the Circuit Court of the First Judicial Circuit, Williamson County, Illinois.

1. Plaintiff is an inmate incarcerated at the United States Penitentiary in Marion, Illinois. Plaintiff named as defendants Gary Burgess, Stephen Cope, R. Wyatt, Stacy Byrum, Dan Sproul, J. LeClair, D. Christensen, D. Stickles, M. Schreiber, M. Wallace, Amber Nelson, Richard Winter, Erika Fenstermaker, G. Cooper, Federal Bureau of Prisons, Jeffrey Krueger, Renee Binker Fornshill, Michael D. Frazier Kenneth Hyle, Michael D. Carvajal, Ronald Rodgers, Guy Pagli, Eugene Baime, Christopher Crews, Ian Connors, Paul Adams, Kathleen M. Kenney, and Susan Michelle Dawn in a civil action he filed in the Circuit Court of the First Judicial Circuit, Williamson County, in the State of Illinois, entitled *Darnell W. Moon v. Gary Burgess, et al.,* case no. 2020-L-63. A certified copy of the state court complaint, motion to seal account balance, application for waiver of fees, order for waiver of court fees, motion for service at government expense, and docket are attached as Exhibit A. Defendants have not been served, and no trial date has been set.

2. In his complaint, plaintiff, a communications management unit (CMU) inmate, claims that defendants refused to allow sealed mail by CMU inmates to be processed without unsealing it; that mail sent out by CMU inmates was subject to delays because of untimely review; that his administrative appeals are untimely processed; that he should have written rejection notices; and that the wrong prison official rejected special mail that was sealed. *See* Ex. A, complaint. He seeks relief under Illinois law as well as federal statutes. *Id* at p. 1. He also alleges an Illinois civil conspiracy, violations of the Illinois constitution, and intentional infliction of emotional distress. *Id.*

4.      Plaintiff has been banned from filing cases in federal courts. Prior to the imposition of this filing restriction, he had accumulated more than three "strikes" as defined in 28 U.S.C. § 1915(g), but continued to file additional cases. *See Moon v. Rivas*, No. 15-cv-891-SMY-PMF, 2016 WL 4098565 (Rep. & Rec.) (S.D. Ill. Apr. 14, 2016) (noting plaintiff had accumulated three strikes and citing over 80 cases), *adopted*, 2016 WL 3965954 (S.D. Ill. July 25, 2016) (case dismissed as a sanction for fraudulent omissions in filing forms with plaintiff precluded from filing any further litigation until he pays all outstanding fees); *Moon v. Samuels*, No. 15-cv-861-JPG-SCW, 2016 WL 3440558 (S.D. Ill. June 23, 2016) (sanctioning plaintiff with dismissal with costs and revoking his IFP status, while noting his restricted filing status); *Moon v. Dodrill*, No. 15-cv-876-MJR-SCW (S.D. Ill. May 13, 2016) (Doc. 68). To circumvent the filing ban in federal court and escape paying fees, plaintiff filed this suit in state court.

5.      When a federal employee is sued, the Westfall Act empowers the Attorney General of the United States to certify, if appropriate, that the employee was acting within the scope of his or her employment at the time of the incident in question. *See* 28 U.S.C. §§ 2679(d)(1), (d)(2).

6.      Pursuant to 28 U.S.C. § 2679(d)(2),

[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposed of removal.

7.    A United States Attorney is permitted to issue such certification in lieu of the Attorney General.   *See* 28 C.F.R. § 15.4(a). The United States Attorney may and has delegated such certification to the Chief of the Civil Division whose certification is attached as Exhibit B.

8.    The United States Attorney, by his designee, has thus certified that, at the time of the events giving rise to the complaint, defendants, Gary Burgess, Stephen Cope, R. Wyatt, Stacy Byrum, Dan Sproul, J. LeClair, D. Christensen, D. Stickles, M. Schreiber, M. Wallace, Amber Nelson, Richard Winter, Erika Fenstermaker, G. Cooper, Federal Bureau of Prisons, Jeffrey Krueger, Renee Binker Fornshill, Michael D. Frazier, Kenneth Hyle, Michael D. Carvajal, Ronald Rodgers, Guy Pagli, Eugene Baime, Christopher Crews, Ian Connors, Paul Adams, Kathleen M. Kenney, and Susan Michelle Dawn, were employees of the BOP acting within the scope of their federal employment.   *See* Ex. B.

9.    Under the Federal Tort Claims Act, federal district courts have exclusive jurisdiction over claims against the United States arising out of torts allegedly committed by federal employees acting within the scope of their federal employment. 28 U.S.C. §§ 1346(b)(1), 2671-2679. Accordingly, the proper defendant in such an action is the United States, not individually named federal employees. *See Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006) ("[T]he United States . . . would be the proper defendant for tort claims involving acts of the named officials within the scope of their employment."); *Stewart v. United States*, 655 F.2d 741, 742 (7th Cir. 1981) ("Plaintiff has no cause of action . . . [under the FTCA] against an employee, her exclusive remedy being an action against the United States.").

10.    This action is one which may be removed pursuant to 28 U.S.C. § 2679(d)(2). Under 28 U.S.C. § 2679(d)(2), an action may be removed "at any time before trial."

11.    Alternatively, and to the extent that the Court construes any claims as properly brought pursuant to 28 U.S.C. § 1331, removal of this case is also appropriate pursuant to 28 U.S.C. § 1442(a)(1).  Section 1442(a)(1) provides in relevant part that:

(a) A civil action . . . that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of crimes . . .

Section 1442(a)(1) removals are governed by the procedures in 28 U.S.C. § 1446.

12.    In addition to the defense that plaintiff is a restricted filer and has been barred from bringing actions that are barred because he has three strikes (¶ 4 above), defendants have additional federal defenses not limited to the following: 1) plaintiff failed to exhaust his administrative remedies; 2) defendants have qualified immunity from suit; 3) one or more of plaintiff's claims may be barred by *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017); and 4) plaintiff has failed to state a claim.

13.    The United States will mail a copy of this Notice of Removal to all parties who have appeared in the state court action and shall file a copy of this Notice of Removal in the state case by sending it to the Clerk of Court, First Judicial Circuit, Williamson County, Illinois.

14.    Nothing in this Notice of Removal shall constitute a waiver of plaintiff's service obligations under Rule 4 of the Federal Rules of Civil Procedure.

WHEREFORE, defendants remove this action to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 2679(d)(2) and request that the United States be deemed as, and substituted for, the defendant for purposes of these claims. Alternatively, and

5

to the extent that any claims may be considered constitutional, defendants remove this action pursuant to 28 U.S.C. § 1442(a)(1).

ATTORNEYS FOR DEFENDANTS

STEVEN D. WEINHOEFT
United States Attorney

/s/ *Laura J. Jones*
LAURA J. JONES
Assistant United States Attorney
United States Attorney's Office
Nine Executive Drive
Fairview Heights, Illinois 62208-1344
Phone: (618) 628-3700
Fax: (618) 622-3810
E-Mail:    Laura.Jones@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DARNELL W. MOON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| GARY BURGESS, STEPHEN COPE, R. | ) | |
| WYATT, STACY BYRUM, DAN | ) | |
| SPROUL, J. LECLAIR, D. | ) | |
| CHRISTENSEN, D. STICKLES, M. | ) | |
| SCHREIBER, M. WALLACE, AMBER | ) | |
| NELSON, RICHARD WINTER, ERIKA | ) | |
| FENSTERMAKER, G. COOPER, | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| JEFFREY KRUEGER, RENEE BRINKER | ) | |
| FORNSHILL, MICHAEL D. FRAZIER, | ) | |
| KENNETH HYLE, MICHAEL D. | ) | |
| CARVAJAL, RONALD RODGERS, | ) | |
| GUY PAGLI, EUGENE BAIME, | ) | |
| CHRISTOPHERR CREWS, IAN | ) | |
| CONNORS, KATHLEEN M. KENNEY, | ) | |
| PAUL ADAMS, and SUSAN MICHELLE | ) | |
| DAWN, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2020, I electronically filed the foregoing Notice of Removal with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:   N/A

and I hereby certify that on July 6, 2020, I mailed by United States Postal Service, the document to the following non-registered participants:

Andrew Wilson, Circuit Clerk
Williamson County
200 W. Jefferson, Suite 100
Marion, IL 62959

Darnell W. Moon
Reg. No. 34077-044
U.S. Penitentiary
P.O. Box 1000

Marion, IL 62959

/s/ Laura J. Jones
LAURA J. JONES
Assistant United States Attorney

8